UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 12-52893-MSS |
| Michael K. Corathers, | Chapter 7 |
| Kathleen A. Corathers, | |
| Debtors. | Judge Marilyn Shea-Stonum |
| Daniel M. McDermott, United States Trustee, | |
| Plaintiff, | Adv. Proceeding No. _____ |
| vs. | |
| Michael K. Corathers, | |
| Kathleen A. Corathers, | |
| Defendants. | |

**COMPLAINT TO DENY DISCHARGE**

The plaintiff Daniel M. McDermott, United States Trustee for Region 9, (the "Plaintiff") brings this action pursuant to section 727(a)(4)(A) of Title 11 to deny the Chapter 7 discharges of Michael K. Corathers and Kathleen A. Corathers (the "Defendants"), debtors in underlying bankruptcy case no. 12-52893 (the "Underlying Case") and for such other relief as may be just and proper. In support, Plaintiff states:

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Fed. R.

1

Bankr. Pro. 7001 to deny the Defendants' Chapter 7 discharge. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. The Plaintiff has standing to be heard pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

3. This complaint is timely pursuant to Federal Rules of Bankruptcy Procedure 1017(e)(1) and 4004(b).

4. On September 7, 2012, the Defendants filed a voluntary joint petition for relief to discharge their debts under Chapter 7 of Title 11 in bankruptcy case number 12-52893 (the "Petition Date"). Bankr. Case No. 12-52893, Dkt. 1.

5. On September 7, 2012, Defendants filed an amended petition and bankruptcy schedules that they signed under penalty of perjury. Bankr. Case No. 12-52893, Dkt. 4 at 3; *see also* Dkt. 8.

6. On their schedules, Defendants listed Mr. Corathers' interest in four (4) motor vehicles and set forth their values as follows:

| Identity of Vehicle | Scheduled Value |
|---|---|
| "1994 Ford Pickup" | "$1,000.00" |
| "1995 Ford Explorer" | "$ 500.00" |
| "1996 Ford Mustang" | "$ 500.00" |
| "1972 Dodge Dart" | "$ 100.00" |
| TOTAL VALUE: | $2,100.00 |

Bankr. Case No.12-52893, Dkt. 4 at 16.

7. The vehicle that Defendants described in their schedules as a "1996 Ford Mustang" is actually a 1986 Ford Mustang (henceforth, the "1986 Ford Mustang").

8. All of the vehicles that the Defendants listed on the schedules are unencumbered assets of the bankruptcy estate.

9. On the schedules that they filed while subject to the penalty of perjury, the Defendants knowingly and fraudulently misrepresented the value of the 1972 Dodge Dart.

10. On the schedules that they filed while subject to the penalty of perjury, the Defendants knowingly and fraudulently misrepresented the value of the 1986 Ford Mustang.

11. Harold A. Corzin (the "Trustee") was appointed as the chapter 7 trustee to administer this estate in bankruptcy case number 12-52893.

12. On November 5, 2012, the Trustee opened and concluded the section 341 meeting of creditors. Bankr. Case No. 12-52893, Dkt. 11.

13. During the meeting of creditors, while under oath and subject to the penalty of perjury, the Defendants denied that they had any claims, including claims for auto accidents.

14. During the meeting of creditors, while under oath and subject to the penalty of perjury, Mr. Corathers testified that he had either fully or partially restored the 1972 Dodge Dart.

15. During the meeting of creditors, while under oath and subject to the penalty of perjury, Mr. Corathers admitted that the 1972 Dodge Dart had been in an accident.

16. During the meeting of creditors, while under oath and subject to the penalty of perjury, Mr. Corathers admitted that he already made an insurance claim, and that he had received approximately $3,200.00 for the loss of the 1972 Dodge Dart—significantly more than the $100 value stated by the Defendants.

17. During the meeting of creditors, while under oath and subject to the penalty of perjury, Mr. Corathers admitted that the Defendants had spent the $3,200 to "live on." However,

after additional prompting, Mr. Corathers specifically admitted that he used the funds to purchase drugs before entering a rehabilitation program.

18. During the meeting of creditors, while under oath and subject to the penalty of perjury, the Defendants knowingly and fraudulently misrepresented the condition and value of the 1986 Ford Mustang.

19. The Trustee subsequently employed Jeff Bryce to serve as appraiser of the three remaining three vehicles (the "Appraiser").

20. The Appraiser gave an opinion that the three remaining vehicles have an "orderly liquidation value" of $7,550.

21. Totaling $3,200 insurance proceeds for the 1972 Dodge Dart and the "orderly liquidation value" of $7,550 for the remaining vehicles yields $10,750—significantly more than the $2,100 value stated by the Defendants.

22. On April 17, 2013, George Roman Auctioneers, /*dba*/ Western Reserve Vehicle and Equipment Auction, Inc. conducted a public auction of the 1996 Ford Mustang which brought a sale price of $4,200—significantly more than the $500 stated by the Defendants.

23. Upon information and belief, the Defendants knowingly and fraudulently made one or more false oaths or accounts in order to misrepresent the values of their motor vehicles.

24. Upon information and belief, the Defendants knowingly and fraudulently made one or more false oaths or accounts in order to conceal receipt of insurance proceeds.

## **COUNT 1**

25. Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

26. Section 727(a)(4)(A) of the Code provides in applicable part that:

The court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

11 U.S.C. §727(a)(4)(A).

27. Plaintiff alleges that Defendants' discharge of their debts must be denied because Defendants knowingly and fraudulently made one or more false oaths or accounts in order to misrepresent the values of their motor vehicles, and/or to conceal receipt of insurance proceeds.

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order revoking the Defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A), and for such further relief as this Court deems just and proper.

Respectfully submitted,

Daniel M. McDermott
United States Trustee Region 9

by: _/s/ Scott R. Belhorn_
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)
scott.r.belhorn@usdoj.gov

5

13-05059-mss    Doc 1    FILED 05/15/13    ENTERED 05/15/13 18:35:24    Page 5 of 5